IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANN HENRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:23-cv-01170-N-BT |
| § | |
| RESCU FOUNDATION, and § | |
| SCARBOROUGH RENAISSANCE § | |
| FESTIVAL, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are separate Motions to Dismiss filed by Defendants Southwest Festivals, Inc. d/b/a Scarborough Renaissance Festival (ECF No. 11) and RESCU Foundation Inc. (ECF No. 12), as well as Plaintiff Ann Henry's Motion to Stay Pending EEOC Process (ECF No. 30). For the following reasons, the District Court should GRANT in part Defendants' Motions to Dismiss under Rule 12(b)(6) and DISMISS with prejudice all of Henry's claims, other than her claims under Title VII.

In view of this recommendation, the undersigned DENIES Henry's Motion to Stay (ECF No. 30).

## Background

In her original Complaint (ECF No. 3) and first Amended Complaint (ECF No. 35), Henry alleges she began working for Defendants in 2019.[1] Am. Compl. ¶ 5. She had no complaints against her; she did not violate any of Defendants' work rules; and she became "a trusted and revered member of the community." Am. Compl. ¶¶ 6-8. However, Defendants allegedly had "a rash of sexual assaults occur on their watch," and they asked Henry to submit to a background check. Am. Compl. ¶¶ 9, 10. Henry complied, and the background check was completed "on or around March 3, 2023." Am. Compl. ¶ 10. Although "[n]o record of sex offenses were apparent on the Background Check," Defendants "had a meeting of the minds" and terminated Henry "without warning and without notice." Am. Compl. ¶ 11. Thereafter, on or around May 3, 2023, Defendants allegedly "precluded" Henry from entering into a contract or agreement to sell compact disks, t-shirts, and other merchandise. Am. Compl. ¶ 13.

Based on this alleged conduct, Henry claims Defendants discriminated against her on the basis of her sex in violation of 42 U.S.C. § 1985(3), 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964,

---

[1] By separate order, the Court granted Henry leave to amend her complaint. Order (ECF No. 34). The only difference between Henry's original Complaint and her first Amended Complaint is the list of statutes that she asserts entitle her to relief. The factual allegations in Henry's original Complaint and first Amended Complaint are identical.

as amended, and Section 101 of the Texas Labor Code. Am. Compl. ¶ 3.[2] As relief, Henry seeks $1.2 million in damages. Am. Compl. 9.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the

---

[2] In her original Complaint, Henry claimed the same conduct violated her right to make and enforce contracts under 42 U.S.C. § 1981, her property rights under 42 U.S.C. § 1982, and her "right to work." Compl. ¶ 3; *see also* Compl. 9, Ex. B (listing 42 U.S.C. § 1981 and § 1982 as causes of action). She abandoned any claims under these statutes when she sought and obtained leave to file an amended complaint that does not include these statutes. *See Stroud v. Meister*, 2001 WL 282764, at *9 (N.D. Tex. Mar. 16, 2001) (Lindsay, J.) (plaintiff abandoned breach of fiduciary duty claim in original complaint by not alleging claim in amended complaint, since "[the original] complaint is no longer the operative pleading[] . . . as the amended complaint replaced it").

3

defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass 'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the

pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff'd,* 824 F. App'x 210 (5th Cir. 2020).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirement to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

## Analysis

A. <u>Henry fails to state a claim for relief under 42 U.S.C. § 1985(3)</u>.

Section 1985(3) proscribes conspiracies that intentionally deprive a person of their civil rights. 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (per curiam) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th

5

Cir. 1994)). And in the Fifth Circuit, a successful § 1985(3) claim requires a showing of *racial* animus. *See Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only conspiracies actionable under section 1985(3) are those motivated by racial animus.").

But Henry does not allege that she is a member of a racial minority or that Defendants intentionally discriminated against her on the basis of her race. Indeed, she does not allege racial animus anywhere in her Amended Complaint. Henry is clear the only kind of discrimination she allegedly suffered was sex discrimination. Therefore, her claim under 1985(3) fails.[3]

B. <u>Henry fails to state a claim for relief under Texas Labor Code § 101.001.</u>

Under the Texas Labor Code, individuals have a "right to work"—meaning that a "person may not be denied employment based on

---

[3] Similarly, on the facts alleged in her Amended Complaint, any claim Henry may assert under § 1981 or § 1982 fails because she does not allege racial discrimination. *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (internal citation omitted) ("To succeed on a § 1981 claim, a plaintiff must establish (1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."); *see also Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 491 n. 4 (5th Cir. 2011) (sex discrimination claim is not cognizable under Section 1981); *Bobo*, 662 F.2d 340, 345 (5th Cir. 1981) (same); *Washington v. Nat'l Oilwell Varco, L.P.*, 634 F. Supp. 3d 316, 321 (N.D. Tex. 2022) (Pittman, J.) (same). *And see Daniels v. Advantage Rent-A-Car Inc.*, 80 F. App'x 936, 939 (5th Cir. 2003) ("'A cause of action based upon section 1982 likewise requires an intentional act of racial discrimination by a defendant.'") (quoting (*Vaughner v. Pulito,* 804 F.2d 873, 877 (5th Cir. 1986) (comparing § 1982 to § 1981)).

membership or nonmembership in a labor union." Tex. Labor Code § 101.052; *see also* Tex. Labor Code § 101.001 ("All persons engaged in any kind of labor may associate and form trade unions and other organizations to protect themselves in their personal labor in their respective employment."); Tex. Labor Code § 101.301 ("The right of a person to work may not be denied or abridged because of membership or nonmembership in a labor union or other labor organization."). But Texas's "right to work" laws provide remedies only based upon union-status discrimination. And Henry does not allege anywhere in her Amended Complaint that her claims for relief are based upon discrimination because of union status. Accordingly, she does not state a claim to relief under Texas Labor Code § 101.001.

C. <u>Henry may be able to state a claim for relief under Title VII, but she apparently has not exhausted her administrative remedies</u>.

Title VII prohibits employers from "fail[ing] or refus[ing] to hire [any individual,] . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). But before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, she must exhaust administrative remedies. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd sub nom.*

7

*Fort Bend Cty. v. Davis*, 139 S. Ct. 1843 (2019). To exhaust administrative remedies, a plaintiff must file "a timely charge with the EEOC (Equal Employment Opportunity Commission), or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1)). Then, upon receiving a statutory notice of the right to sue, a plaintiff has ninety days to file a civil action pursuant to her Title VII claims. 42 U.S.C. § 2000e-5(f)(1). "Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), . . . and courts will dismiss claims not properly exhausted[.]" *Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020) (citing *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843 (2019)).

In her Motion to Stay (ECF No. 30), Henry tacitly admits she has not exhausted her administrative remedies and asks the Court to stay this litigation pending resolution of the EEOC charges. However, it is not clear that Henry has filed any charge with the EEOC—or that she even intends to file such a charge.

As the proponent of a stay, Henry bears the burden of establishing its need. *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores Texas, LLC*, 2020 WL 2078303, at *2 (S.D. Tex. Apr. 27, 2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 709 (1997)). Henry has not carried her burden here. She has not advanced any argument to support her need to stay this litigation.

8

Furthermore, the interest of judicial economy is best served by dismissing Henry's Title VII claims without prejudice to her bringing a future action after exhaustion of her administrative remedies. For one, "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). And even if non-judicial resolution is not achieved, any future civil action will benefit from being informed by the administrative charge and any EEOC investigation that follows. *Id.* at 89.

"When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 5 (5th Cir. 2004) (citing *Taylor v. United States Treasury* Dep't, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

## Recommendation

The District Court should GRANT Defendants' Motions to Dismiss (ECF Nos. 11 & 12) and DISMISS with prejudice all of Henry's claims, other than her claims under Title VII. The Court should DISMISS without prejudice Henry's claims under Title VII.

**SO RECOMMENDED**.

November 27, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).