IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANN HENRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:23-cv-01170-N-BT |
| § | |
| RESCU FOUNDATION, and § | |
| SCARBOROUGH RENAISSANCE § | |
| FESTIVAL, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are separate Renewed Motions to Dismiss filed by Defendants RESCU Foundation, Inc. (ECF No. 41) and Southwest Festivals, Inc. d/b/a Scarborough Renaissance Festival (ECF No. 43). For the following reasons, the District Judge should GRANT Defendants' Motions to Dismiss under Rule 12(b)(6) and DISMISS with prejudice all of Plaintiff Henry's claims.

**Background**

Henry initiated this employment discrimination action by filing her original Complaint on May 22, 2023. Compl. (ECF No. 3). In response, Defendants Scarborough Renaissance Festival and RESCU Foundation, Inc. filed separate Motions to Dismiss for failure to state a claim upon which relief can be granted. *See* Mot. Dismiss (ECF No. 11); Mot. Dismiss

1

(ECF No. 12). Subsequently, Henry sought leave to file an amended complaint. Mot. (ECF No. 22). Discerning no undue delay, bad faith, or dilatory motive by Henry in seeking leave to amend, the Court granted Henry's request and ordered the Clerk to file Henry's Amended Complaint on the docket. *See* Order (ECF No. 34); Am. Compl. (ECF No. 35).

On the same day, the undersigned Magistrate Judge filed Findings, Conclusions, and a Recommendation recommending the Court dismiss each claim alleged in the Amended Complaint. (ECF No. 36). Thereafter, Defendant RESCU Foundation and Defendant Scarborough Renaissance Festival each filed separate Renewed Motions to Dismiss Henry's Amended Complaint. Mot. Dismiss (ECF No. 41); Mot. Dismiss (ECF No. 43). Additionally, Henry filed an Objection to the Findings, Conclusions, and Recommendation. Obj. (ECF No. 45). Among other things, these subsequent filings indicated, for the first time, that Henry had recently exhausted her administrative remedies under Title VII by filing a charge with the EEOC and receiving a right-to-sue letter. *See* Def.'s Br., Ex. 1 (ECF No. 44). Because the original Findings, Conclusions, and Recommendation recommended dismissing Henry's Title VII claims without prejudice for failure to exhaust administrative remedies, the Magistrate Judge vacated her recommendation, dismissed Defendants' initial Motions to Dismiss as moot, and directed Henry to file written responses to Defendants' Renewed Motions to Dismiss. Order (ECF No. 47). Henry did not respond to either

motion, and the time for doing so has passed. *See id.* (citing N.D. Tex. L. Civ. R. 7.1(e), (f)). Accordingly, Defendants' Renewed Motions to Dismiss are ripe for the Court's consideration.

In her live Complaint (ECF No. 35), Henry alleges she began working for Defendants in 2019.[1] Am. Compl. ¶ 5. She had no complaints against her; she did not violate any of Defendants' work rules; and she became "a trusted and revered member of the community." *Id.* ¶¶ 6-8. However, Defendants allegedly had "a rash of sexual assaults occur on their watch," and they asked Henry to submit to a background check. *Id.* ¶¶ 9, 10. Henry complied, and the background check was completed "on or around March 3, 2023." *Id.* ¶ 10. Although "[n]o record of sex offenses were apparent on the Background Check," Defendants "had a meeting of the minds" and terminated Henry "without warning and without notice." *Id.* ¶ 11. Thereafter, on or around May 3, 2023, Defendants allegedly "precluded" Henry from entering into a contract or agreement to sell compact disks, t-shirts, and other merchandise. *Id.* ¶ 13.

---

[1] As noted in the Order granting Henry leave to amend (ECF No. 34), and in the Findings, Conclusions, and Recommendation (ECF No. 36), Henry's Amended Complaint does not present any new factual allegations not included in her original Complaint. Henry essentially copies her original Complaint—word for word—into her new pleading. The only difference between Henry's original Complaint and her Amended Complaint is the list of statutes that she asserts entitle her to relief.

3

Based on this alleged conduct, Henry claims Defendants discriminated against her on the basis of her sex in violation of 42 U.S.C. § 1985(3), 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended, and Section 101 of the Texas Labor Code. *Id.* ¶ 3. As relief, Henry seeks $1.2 million in damages. *Id.* ¶ 2.

## Legal Standards

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly,* 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Cmtys. Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff'd*, 824 F. App'x 210 (5th Cir. 2020).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*,

296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirement to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

## Analysis

A. Henry fails to state a claim for relief under 42 U.S.C. § 1985(3).

Section 1985(3) proscribes conspiracies that intentionally deprive a person of their civil rights. 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (per curiam) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). And in the Fifth Circuit, a successful Section 1985(3) claim requires a showing of *racial* animus. *See Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("[I]n this circuit . . . the only

conspiracies actionable under section 1985(3) are those motivated by racial animus.").

But Henry does not allege that she is a member of a racial minority or that Defendants intentionally discriminated against her on the basis of her race. Indeed, she does not allege racial animus anywhere in her Amended Complaint. Henry is clear the only kind of discrimination she allegedly suffered was sex discrimination. Therefore, her claim under Section 1985(3) fails.

Similarly, any claim Henry may assert under Section 1981 or Section 1982 fails because she does not allege racial discrimination. *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (internal citation omitted) ("To succeed on a § 1981 claim, a plaintiff must establish (1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."); *see also Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 491 n. 4 (5th Cir. 2011) (sex discrimination claim is not cognizable under Section 1981); *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 345 (5th Cir. 1981) (same); *Washington v. Nat'l Oilwell Varco, L.P.*, 634 F. Supp. 3d 316, 321 (N.D. Tex. 2022) (Pittman, J.) (same). *And see Daniels v. Advantage Rent-A-Car Inc.*, 80 F. App'x 936, 939 (5th Cir. 2003) ("'A cause of action based upon section 1982 likewise requires an intentional act of racial discrimination by a

defendant.'") (quoting *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) (comparing § 1982 to § 1981)).

  B. Henry fails to state a claim for relief under Texas Labor Code § 101.001.

Under the Texas Labor Code, individuals have a "right to work"—meaning that a "person may not be denied employment based on membership or nonmembership in a labor union." Tex. Lab. Code § 101.052; *see also* Tex. Lab. Code § 101.001 ("All persons engaged in any kind of labor may associate and form trade unions and other organizations to protect themselves in their personal labor in their respective employment."); Tex. Lab. Code § 101.301 ("The right of a person to work may not be denied or abridged because of membership or nonmembership in a labor union or other labor organization."). But Texas's "right to work" laws provide remedies only based upon union-status discrimination. Henry does not allege anywhere in her Amended Complaint that her claims for relief are based upon discrimination because of union status. Accordingly, she does not state a claim to relief under Texas Labor Code § 101.001.

  C. Henry fails to state a claim for relief under Title VII.

Title VII prohibits employers from "fail[ing] or refus[ing] to hire [any individual,] . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

8

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Again, Henry does not allege anywhere in her Amended Complaint that her claims for relief are based upon discrimination because of her sex or gender—or because of any other protected characteristic. Accordingly, she does not state a claim to relief under Title VII.

Furthermore, Title VII imposes liability only on "employers"—a term specifically defined as "a person engaged in an industry affecting commerce who has fifteen or more employees. 42 U.S.C. § 2000e(b). "Title VII's 15–employee threshold is an element of a plaintiff's claim for relief[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006). While Henry alleges that she "worked for Defendants[,]" Compl. ¶ 6 (ECF No. 35), her Amended Complaint is void of any allegation about the number of employees employed by either Defendant RESCU Foundation, Inc. or Defendant Scarborough Renaissance Festival. Accordingly, Henry fails to adequately plead that either Defendant is an "employer" under Title VII and consequently fails to state a claim for relief under the statute. *See Mejia v. Ayala*, 2021 WL 3930090, at *3 (N.D. Tex. Sept. 2, 2021) (holding that plaintiff "has failed to plausibly allege that defendants were her employers within the meaning of Title VII" by failing to plead defendants employed 15 or more employees); *Lindsley v. TRT Holdings, Inc.*, 2018 WL 3368930, at *2 (N.D. Tex. July 10, 2018) ("[Plaintiff] has not alleged how many

9

people [defendant] employs and has therefore failed to state a claim under Title VII[.]").

## Opportunity to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims,* 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend a complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.

But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329

(5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Here, the Court should not allow Henry to amend her pleadings. Although Henry is proceeding *pro se*, she has already been given two opportunities to adequately plead her claims. It thus appears that she has plead her best case. Additionally, Henry did not respond to Defendants' Motions to Dismiss despite being directed by the Court to do so. *See Jackson v. United States*, 2016 WL 7443264, at *3 (N.D. Tex. Nov. 14, 2016), report and recommendation adopted, 2016 WL 7439358 (N.D. Tex. Dec. 27, 2016) (citing *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995)) ("Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court.").

## Recommendation

For the foregoing reasons, the District Judge should GRANT Defendants' Motions to Dismiss (ECF Nos. 41 & 43) and DISMISS with prejudice all of Henry's claims.

**SO RECOMMENDED**.

May 29, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).